# IN THE COURT OF APPEALS OF IOWA

No. 22-1754
Filed February 8, 2023

**IN THE INTEREST OF C.W., P.W., and R.W.,**
   **Minor Children,**

**C.L., Mother,**
   Appellant.
_____

Appeal from the Iowa District Court for Scott County, Michael E. Motto, District Associate Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Barbara E. Maness of Kimball-Stevenson House, Davenport, for appellant mother.

Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Rebecca C. Sharpe, Bettendorf, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to three children born in 2009, 2012, and 2014. She contends (1) the State failed to prove the ground for termination cited by the district court and (2) termination was not in the children's best interests.

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2022), which requires proof of several elements, including proof the child could not be returned to parental custody. The department of health and human services intervened in 2020 after the children's father was arrested for possession of methamphetamine. Several months later, the children's mother tested positive for methamphetamine and marijuana. The children were transferred to the care of a friend.

The State filed a petition to have the children adjudicated in need of assistance. The district court granted the petition, and the children were formally placed with the friend. They were later transitioned to foster care.

The mother underwent a substance-abuse evaluation, which revealed diagnoses of severe Xanax-use disorder, severe methamphetamine-use disorder, and moderate cannabis-use disorder. She was accepted into an inpatient treatment program but left after ten days. She tested positive for methamphetamine and the active ingredient in marijuana in late 2021 and again in the spring of 2022 and she missed multiple drug tests. At the termination hearing, the department social work case manager was asked whether the mother could meet the children's needs; he responded, "No." *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (stating the issue was whether the child could be returned to

parental custody at the time of the hearing). He noted that she was "still using methamphetamine," which was "why the kids were removed from her in the first place." When asked if the mother made progress toward reunification during an additional six-month period the district court granted, the case manager said she provided more positive drug tests during the extension period.

The mother essentially agreed with the case manager. When asked if it would be in the children's best interests to have them returned to her care, she responded, "At this time, no." Although she cited her housing situation rather than her ongoing drug use, her testimony, together with the evidence of missed and positive drug tests, established that the children could not be returned to her custody.

Termination must also be in the children's best interests. *See* Iowa Code § 232.116(2). As noted, the mother acknowledged it was not in the children's best interests to have them returned to her custody immediately. On appeal, the mother points to her bond with the children as grounds for reversal. Her argument implicates an exception to termination set forth in Iowa Code section 232.116(3)(c) rather than the best-interests prong of the analysis.

The mother testified she and the children were "so bonded" because all they had "ever had was each other." The case manager did not dispute the assertion. At the same time, he reported that her "relationship and bond with the children [ ] continued to deteriorate due to her actions and choices." The mother failed to counter the assertion by presenting clear and convincing evidence that termination "would be detrimental to" the children in light of the bond. *See* Iowa Code § 232.116(3)(c).

The district court order terminating the mother's parental rights to the three children is affirmed.

**AFFIRMED.**